**NEW YORK STATE ASSOCIATION OF CEMETERIES, INC. and Mount Calvary Cemetery, Inc., Plaintiffs–Appellants,**

v.

**Richard FISHMAN, Individually and as Director, New York State Division of Cemeteries, Randy A. Daniels, Individually and as Secretary of State for the State of New York, Eliot Spitzer, Individually and as Attorney General of the State of New York, Antonia C. Novello, Individually and as Commissioner of Health of the State of New York, and the New York State Cemetery Board, Defendants–Appellees.**

No. 04–1224–CV.

United States Court of Appeals,
Second Circuit.

Nov. 30, 2004.

James Featherstonhaugh (Randall J. Ezick, on the brief), Albany, NY, for Appellant.

Evelyn Tenenbaum, Assistant Solicitor General (Eliot Spitzer, Attorney General, Peter H. Schiff, Senior Counsel, Patrick Barnett–Mulligan, Assistant Solicitor General, on the brief), Albany, NY, for Appellee.

PRESENT: FEINBERG, LEVAL, and STRAUB, Circuit Judges.

SUMMARY ORDER

Plaintiffs-appellants New York State Association of Cemeteries, Inc. and Mount Calvary Cemetery, Inc. appeal from a February 4, 2004 judgment of the United States District Court for the Northern District of New York (Howard G. Munson, Judge) that granted defendants-appellees' motion for summary judgment.[1] The district court concluded that Chapter 560 of the Laws of 1998 of the State of New York ("Chapter 560") does not violate the Due Process, Equal Protection, or Contract Clauses of the United States Constitution.[2]

1. Defendants-appellees are Richard Fishman, individually and as Director, New York State Division of Cemeteries, Randy A. Daniels, individually and as Secretary of State for the State of New York, Eliot Spitzer, individually and as Attorney General of the State of New York, Antonia C. Novello, individually and as Commissioner of Health of the State of New York, and The New York State Cemetery Board.

2. The district court also dismissed plaintiffs-appellants' Commerce Clause claim and state law claims without prejudice. Plaintiffs-ap-

Familiarity with the facts and procedural background is assumed.

Chapter 560 prohibits various business combinations between funeral entities, which are for-profit, and all not-for-profit, religious, municipal, private, and family cemeteries. The statute additionally prohibits cemeteries from selling any monuments but flush bronze markers. The statute has three exemptions. First, cemeteries of 30 acres or less are exempt from most of the prohibitions, save the one banning monument sales and with the caveat that such cemeteries may not engage in the sale of funeral home goods or services, except if such goods and services are otherwise permitted to be sold by cemeteries. Second, the statute exempts 17 crematories that are owned by funeral entities but operated by cemeteries. Third, the statute permits five Buffalo-area cemeteries to sell flush granite markers, as they have been doing for over 50 years.

Appellants argue that Chapter 560 is unconstitutional for (1) limiting the substantive due process rights of cemeteries and funeral entities to form business combinations, (2) voiding their contracts, (3) irrationally prohibiting cemeteries from selling any monuments but flush bronze markers and making an exception for those cemeteries with an established practice of selling flush granite markers, (4) irrationally exempting the 17 crematories, and (5) irrationally exempting cemeteries that are 30 acres or less from most of the statute's provisions.

Appellees cite several legitimate interests supporting Chapter 560. Appellees maintain that combinations between funeral entities and cemeteries can bring about financial abuses that result in cemeteries becoming dilapidated and falling into disrepair. The ban on cemeteries selling monuments, appellees state, prevents the largely tax-exempt cemeteries from having an unfair business advantage over monument retailers. Appellees further assert that the exceptions for the five Buffalo cemeteries selling flush granite markers and for all cemeteries selling flush bronze markers have existed for over 50 years, and that Chapter 560 merely codifies that longstanding policy. The exemption for crematories, appellees argue, ensures that residents of small communities will continue to have crematory services available. Finally, appellees explain that exempting cemeteries equal to or smaller than the easily ascertained constant of 30 acres keeps smaller cemeteries, which depend on assistance from funeral entities, in business. Appellees further explain that the large funeral entities will not try to form exploitative business combinations with such small, unprofitable cemeteries.

We review a grant of summary judgment de novo. See *Sharpe v. Conole*, 386 F.3d 482, 483–84 (2d Cir.2004). We conclude that the district court did not err in finding Chapter 560 constitutional. The parties agree, as they should, that the statute need only be rationally related to a legitimate government interest in order to survive appellants' constitutional challenge. As the Supreme Court has made clear, a law that neither infringes a fundamental right nor imposes a suspect classification must be upheld "if there is any reasonably conceivable state of facts that could provide a rational basis" for the law. *F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993); see also *Zalewska v. County of Sullivan, New York*, 316 F.3d 314, 322 (2d Cir.2003) (noting that when rationality review is implicated, the state "need only articulate a legitimate government interest to which its regulation is rationally related"). Here, appellees have identified vari-

pellants did not appeal those rulings, and they are not before us.

ous harms that business combinations between funeral entities and cemeteries can cause, and have explained how Chapter 560's prohibitions and exemptions reasonably operate to minimize those harms. Appellees have also explained how the monument provisions are rationally related to the legitimate state interest in protecting consumers. Accordingly, we agree with the district court that the statute is constitutional.

*Craigmiles v. Giles*, 312 F.3d 220 (6th Cir.2002), on which appellants rely, does not change our opinion. In that case, the Sixth Circuit decided that a state law requiring that anyone wishing to sell a casket first become a licensed funeral director bore no rational relationship to the state's proffered goals of protecting consumers and public health. As that court explained, the state law was nothing but a "naked attempt to raise a fortress protecting the monopoly rents that funeral directors extract from consumers." *Id.* at 229. Despite appellants' protestations that Chapter 560 is, like the law in *Craigmiles*, a piece of protectionist legislation benefitting funeral entities and monument retailers, appellees have adequately detailed how the statute reasonably functions to protect consumers and ensure the continued viability of cemeteries in New York State.

We have considered all of appellants' arguments and find them to be without merit. The judgment of the district court is AFFIRMED.