[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-15639
Non-Argument Calendar

----------------------------------------

D.C. Docket  No. 06-01434-CV-ORL-KRS

DANIELLE BAR-NAVON,
by and through her legal parent and
next friend, Boaz Bar-Navon,

Plaintiff-Appellant,

versus

BREVARD COUNTY SCHOOL BOARD,
by and through its legal representative,
Dr. Richard A. DiPatri, in his official
capacity as the Superintendent of Schools,

Defendant-Appellee.

-------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
-------------------------------------

**(August 15, 2008)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Danielle Bar-Navon appeals the grant of summary judgment in favor of the Defendant-Appellee, School Board of Brevard County, Florida ("School Board"), and the denial of Plaintiff's motion for partial summary judgment, in Plaintiff's section 1983 federal civil rights lawsuit. See 42 U.S.C. § 1983. No reversible error has been shown; we affirm.

At issue is a School Board written policy that prohibits the wearing of non-otic pierced jewelry by students in the Brevard County public school system. The Dress Code sets out this standard:

> Pierced jewelry shall be limited to the ear. Dog collars, tongue rings, wallet chains, large hair picks, chains that connect one part of the body to another, or other jewelry/accessories that pose a safety concern for the student or others shall be prohibited.

Appellant, then a 16-year old 10th grade student at Viera High School, has piercings located on her tongue, nasal septum, lip, navel and chest. Plaintiff filed a complaint alleging that the School Board violated her First Amendment right to free speech by prohibiting Plaintiff from wearing jewelry in her non-otic body piercings at school.[1] Plaintiff asserted that her piercings were an expression of her

---

[1]When Plaintiff first was seen wearing prohibited piercings, she was told to remove them or a parent would be called to take her home. Plaintiff's father was told by the principal that the principal personally had no problem with the jewelry, but School Board policy required enforcement. Plaintiff

individuality, a way of expressing her non-conformity and wild side, an expression of her openness to new ideas and her readiness to take on challenges in life. Plaintiff stated expressly that her non-compliant piercings were intended to make no religious or political statement.

Students enjoy some constitutional rights to freedom of speech and expression within the confines of the schoolhouse, Tinker v. Des Moines Indep. Comty. Sch. Dist., 89 S.Ct. 733, 736 (1969); but those constitutional rights are circumscribed by "the special characteristics of the school environment." Id. The need and obligation of the State and school officials to prescribe and control conduct in schools is well-recognized, see id.; "[a] school need not tolerate student speech that is inconsistent with its 'basic educational mission.'" Hazelwood Sch. Dist. v. Kuhlmeier, 108 S.Ct. 562, 567 (1988), quoting Bethel Sch. Dist. No. 403 v. Fraser, 106 S.Ct. 3159, 3165 (1986).

That the First Amendment protects symbols and conduct that constitute "symbolic speech" is not disputed: "conduct may be 'sufficiently imbued with elements of communication to fall within the scope of the First and Fourteenth

---

was given permission to wear flesh-colored plastic studs in her piercings while she was at school. Although Plaintiff tried this option, after a few days she developed an infection in her lip which she attributed to the plastic studs. Plaintiff modified her behavior by inserting the jewelry in her piercings each morning only after she had passed by school administrators. On one occasion, Plaintiff was disciplined for wearing the jewelry at school; she served five-days' lunch detention.

Amendments.'"  Texas v. Johnson, 109 S.Ct. 2533, 2539 (1989), quoting Spence

v. Washington, 94 S.Ct. 2727, 2730 (1974).  But the Supreme Court has "rejected

the view that an apparently limitless variety of conduct can be labeled speech

whenever the person engaging in the conduct intends thereby to express an idea."

Id. (internal quotation and citation omitted).  Whether particular conduct falls

within the ambit of protected expressive conduct depends on whether "[a]n intent

to convey a particularized message was present, and in the surrounding

circumstances the likelihood was great that the message would be understood by

those who viewed it."  Spence, 94 S.Ct. at 2730.[2]

The district court assumed without deciding that jewelry wearing may be

expressive conduct and political speech protected by the First Amendment.  In

sustaining the School Board's policy, the district court concluded that the Dress

Code was content neutral, was narrowly tailored to achieve the School Board's

interest in maintaining a safe, studious and hygienic environment, and left open

---

[2]As the district court noted, in Holloman *ex rel*. Holloman v. Harland, 370 F.3d 1252, 1270 (11th Cir. 2004), this Court interpreted the Supreme Court's decision in Hurley v. Irish-Am., Gay, Lesbian & Bisexual Group of Boston, 115 S.Ct. 2338 (1995), to have liberalized the Spence test: "in determining whether conduct is expressive, we ask whether the reasonable person would interpret it as *some* sort of message, not whether an observer would necessarily infer a *specific* message." Holloman itself involved a student raising his fist in the air in protest during the Pledge of Allegiance; we said this conduct may have constituted "pure speech." Holloman, 370 F.3d at 1270. Whatever Holloman says about content-driven school regulation of conduct expressing a political message, it provides no binding precedent -- or even substantial guidance -- when a content-neutral regulation of conduct that expresses no political message is at issue.

ample alternative methods of communication. Applying time, place and manner analysis, the district court rejected Plaintiff's facial, overbreadth, vagueness and as applied constitutional challenges to the Dress Code policy.

We question that the prohibition of jewelry in non-otic piercings on students at school who seek to make some general statement of individuality implicates First Amendment speech protections. See Tinker, 89 S.Ct. at 737 (contrasting school prohibition of student protest of Vietnam war expressed by wearing black armbands which was impermissible restriction on conduct "akin to 'pure speech,'" with school regulation of clothing or hair style). We have said that "in the high school environment there is 'a per se rule that [grooming regulations] are constitutionally valid.'" Davenport v. Randolph County Bd. of Educ., 730 F.2d 1395, 1397 (1984) (alteration in the original)(quoting Karr v. Schmidt, 460 F.2d 609, 617 (5th Cir. 1972).[3] Blau v. Fort Thomas Public School District, 401 F.3d 381 (6th Cir. 2005), which upheld a school dress code against First Amendment

---

[3] In Canady v. Bossier Parish School Board, 240 F.3d 437, 440-41 & n.3 (5th Cir. 2001), the Fifth Circuit rejected the notion that Karr's conclusion -- that student hair-length enjoys no First Amendment protection -- necessarily applies to all student-clothing First Amendment claims. Canady was unprepared to say that expression of one's identity through clothing may *never* amount to protected speech. In sustaining a mandatory school uniform policy, the Canady court assumed (without deciding) that wearing clothing different from one's classmates could be sufficiently expressive of individuality to merit First Amendment protection. See also Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 285-86 (5th Cir. 2001) (following Canady, again assumes First Amendment applies to expressive conduct implicated in mandatory school uniform policy).

challenge -- including a prohibition on non-otic pierced jewelry -- is instructive on this issue. In Blau, the Sixth Circuit concluded that vague and attenuated notions of student self-expression through clothing are insufficient to invoke First Amendment protection, id. at 389; "[t]o rule otherwise not only would erase the requirement that expressive conduct have an identifiable message but also would risk depreciating the First Amendment in cases in which a 'particularized message' does exist." Id. at 390. See also Brandt v. Bd. of Educ. of City of Chicago, 480 F.3d 460, 465 (7th Cir.), cert. denied, 128 S.Ct. 441 (2007) (school students enjoy no protected speech right to wear T-shirt of their own design; "clothing as such is not -- not normally at any rate -- constitutionally protected expression"); Zalewska v. County of Sullivan, N.Y., 316 F.3d 314, 320 (2d Cir. 2003) (rejecting school bus driver's claim that wearing a skirt is protected First Amendment conduct because "a person's choice of dress or appearance in an ordinary context does not possess the communicative elements necessary to be considered speech-like conduct entitled to First Amendment protection"); Stephenson v. Davenport Community Sch. Dist., 110 F.3d 1303, 1307 n.4 (8th Cir. 1997) (concluding student's tattoo amounted to self-expression unentitled to First Amendment protections). Plaintiff has failed to meet her burden of showing that the First Amendment protects her right to express her individuality at school by

wearing non-otic pierced jewelry. See Clark v. Community for Creative Non-Violence, 104 S.Ct. 3065, 3069 n.5 (1984) ((burden borne by "person desiring to engage in assertedly expressive conduct to demonstrate that the First Amendment even applies").

But even if we were to assume -- as was assumed by the district court and as has been assumed by some of our sister circuits, see, e.g., Jacobs v. Clark County. Sch. Dist., ___ F.3d ___, 2008 WL 2009738 (9th Cir. 2008); Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 285-86 (5th Cir. 2001) -- that this conduct was sufficiently "imbued with elements of communication," Spence, 94 S.Ct. at 2730, to warrant some First Amendment protection, it was nonetheless susceptible to reasonable regulation by school authorities. The incidental restriction the non-otic pierced jewelry regulation imposes on expressive conduct is viewpoint and content-neutral on its face and as applied. The district court was correct to apply -- and applied correctly -- an intermediate level of scrutiny. See Jacobs, 2008 WL 2009738 at *5 - *10 (explaining in some detail why intermediate scrutiny applies); Canady, 240 F.3d at 441-44 (same); Blau, 401 F.3d at 391-93 (same).

The content and viewpoint neutral Dress Code was promulgated in furtherance of legitimate educational objectives. The introduction states:

7

> The Board will not interfere with the right of students and their parents to make decisions regarding their appearance, however, the standards of appearance for students shall ensure that the student be clean, neat, and properly dressed. They shall observe modes of dress and standards of personal grooming which are in conformity with the studious atmosphere and good personal hygiene necessary in schools.

The School Board sought to avoid extreme dress or appearance which might create a school disturbance, or which could be hazardous to the student or to others. To that end, the jewelry limitation was narrowly tailored; and ample communicative alternatives remain unrestricted.

The Supreme Court has counseled that "[t]he determination of what manner of speech in the classroom ... is inappropriate properly rests with the school board rather than with the federal courts." Hazelwood, 108 S.Ct. at 567-68 (internal quotation and citation omitted). And we have said that school officials "must have the flexibility to control the tenor and contours of student speech within school walls or on school property, even if such speech does not result in a reasonable fear of immediate disruption." Scott v. Sch. Bd. of Alachua County, 324 F.3d 1246, 1248 (11th Cir. 2003).

We agree with the district court that Plaintiff failed to show that the School Board's limitation on Plaintiff's ability to wear jewelry in her non-otic piercings

while she was at school unconstitutionally abridged her First Amendment rights.

AFFIRMED.