17-2832-cv, 17-2833-cv, 17-2834-cv

Donohue v. Milan; Donohue v. Milan; N.Y.S. Thruway Emps. v. N.Y.S. Thruway Auth.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2018

(Argued: March 13, 2019     Decided: November 18, 2019)

Docket Nos. 17-2832-cv, 17-2833-cv, 17-2834-cv

_____

DANNY DONOHUE, AS PRESIDENT OF THE CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, CIVIL SERVICE EMPLOYEES ASSOCIATION, LOCAL 1000, AFSCME, AFL-CIO, JOHN DELLIO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, MICHAEL BOULERIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, MAUREEN ALONZO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, MARCOS DIAMANTATOS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellees*,

v.

CARLOS MILAN, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF EMPLOYEE RELATIONS AND EMPLOYEE SAFETY, NEW YORK STATE THRUWAY AUTHORITY AND NEW YORK STATE CANAL CORPORATION, HOWARD P. MILSTEIN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF NEW YORK STATE THRUWAY/CANAL CORPORATION BOARD OF DIRECTORS, DONNA J. LUH, INDIVIDUALLY, E. VIRGIL CONWAY, IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF NEW YORK STATE THRUWAY/CANAL CORPORATION BOARD OF DIRECTORS, RICHARD N. SIMBERG, INDIVIDUALLY, BRANDON R. SALL, INDIVIDUALLY, J. DONALD RICE, JR., INDIVIDUALLY, JOSE HOLGUIN-VERAS, INDIVIDUALLY, NEW YORK STATE THRUWAY AUTHORITY,

*Defendants-Appellants,*

THOMAS J. MADISON, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE NEW YORK STATE THRUWAY AUTHORITY AND THE NEW YORK STATE CANAL CORPORATION,

*Defendants.*

_____

DANNY DONOHUE, AS PRESIDENT OF THE CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, WILLIAM COLEMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, WILLIAM MILLER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, JOHN METZGIER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, JACK WIEDEMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellees,*

JOHN DELLIO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, MICHAEL BOULERIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, MAUREEN ALONZO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, MARCOS DIAMANTATOS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, NEW YORK STATE THRUWAY EMPLOYEES LOCAL 72, JOSEPH E. COLOMBO, GEORGE E. SAVOIE, DAVID M. MAZZEO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs,*

v.

CARLOS MILAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF EMPLOYEE RELATIONS AND EMPLOYEE SAFETY, NEW YORK STATE THRUWAY AUTHORITY AND NEW YORK STATE CANAL CORPORATION, BRIAN U. STRATTON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE NEW YORK STATE CANAL CORPORATION, HOWARD P. MILSTEIN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF NEW YORK STATE THRUWAY AUTHORITY/CANAL CORPORATION BOARD OF DIRECTORS, E. VIRGIL CONWAY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NEW YORK STATE THRUWAY/CANAL CORPORATION BOARD OF DIRECTORS, NEW YORK STATE THRUWAY AUTHORITY, NEW YORK STATE CANAL CORPORATION, DONNA J. LUH, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS VICE-CHAIRMAN NEW YORK STATE THRUWAY/CANAL CORPORATION BOARD OF DIRECTORS AND IN HER OFFICIAL CAPACITY AS VICE-CHAIR OF THE NEW YORK STATE THRUWAY AUTHORITY BOARD OF DIRECTORS, RICHARD N. SIMBERG, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NEW YORK STATE THRUWAY/CANAL CORPORATION BOARD OF DIRECTORS AND IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NEW YORK STATE THRUWAY AUTHORITY, BRANDON R. SALL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF NEW YORK STATE THRUWAY/CANAL CORPORATION BOARD OF DIRECTORS AND IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NEW YORK STATE THRUWAY AUTHORITY, J. DONALD RICE, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NEW YORK STATE THRUWAY/CANAL CORPORATION BOARD OF DIRECTORS, JOSE HOLGUIN-VERAS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF NEW YORK STATE THRUWAY/CANAL CORPORATION BOARD OF DIRECTORS AND IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NEW YORK STATE THRUWAY AUTHORITY,

*Defendants-Appellants*,

THOMAS J. MADISON, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE NEW YORK STATE THRUWAY AUTHORITY AND THE NEW YORK STATE CANAL CORPORATION,

*Defendant.*

_____

NEW YORK STATE THRUWAY EMPLOYEES LOCAL 72, JOSEPH E. COLOMBO, GEORGE SAVOIE, DAVID M. MAZZEO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellees*,

v.

NEW YORK STATE THRUWAY AUTHORITY, HOWARD P. MILSTEIN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE NEW YORK STATE THRUWAY AUTHORITY, THOMAS RYAN, IN HIS OFFICIAL CAPACITY, E. VIRGIL CONWAY, IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NEW YORK STATE THRUWAY AUTHORITY, BRANDON R. SALL, IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NEW YORK STATE THRUWAY AUTHORITY, JOHN F. BARR, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF ADMINISTRATIVE SERVICES OF THE NEW YORK STATE THRUWAY AUTHORITY, DONNA J. LUH, IN HER OFFICIAL CAPACITY AS VICE-CHAIR OF THE NEW YORK STATE THRUWAY AUTHORITY BOARD OF DIRECTORS, RICHARD N. SIMBERG, IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NEW YORK STATE THRUWAY AUTHORITY, J. DONALD RICE, JR., IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NEW YORK STATE THRUWAY AUTHORITY, JOSE HOLGUIN-VERAS, IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NEW YORK STATE THRUWAY AUTHORITY,

*Defendants-Appellants*,

THOMAS J. MADISON, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE NEW YORK STATE THRUWAY AUTHORITY, JOHN M. BRYAN, IN HIS OFFICIAL CAPACITY AS CHIEF FINANCIAL OFFICER AND TREASURER OF THE NEW YORK STATE THRUWAY AUTHORITY, JOSEPH BRESS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF NEGOTIATOR OF THE NEW YORK STATE THRUWAY AUTHORITY, HOWARD GLASER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF STATE OPERATIONS AND SENIOR POLICY ADVISOR TO THE GOVERNOR OF NEW YORK, DONALD R. BELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF MAINTENANCE AND OPERATIONS OF THE NEW YORK STATE THRUWAY AUTHORITY,

*Defendants*.

_____

Before:

WESLEY, LOHIER, and SULLIVAN, *Circuit Judges*.

In this appeal, we consider whether <u>State Employees Bargaining Agent Coalition v. Rowland</u>, which held that union activity is protected by the First Amendment right to freedom of association and that heightened scrutiny applies to employment decisions that target an employee "based on union membership," 718 F.3d 126, 134 (2d Cir. 2013), extends to agency fee payors (AFPs), who are not union members, based solely on the fact that AFPs are represented by a union during collective bargaining. We hold that First Amendment protections apply to union members but do not extend to AFPs based on union representation alone. We therefore **VACATE** and **REMAND** the District Court's order as it applies to AFPs but **AFFIRM** the District Court's order as it applies to union members.

BETH A. BOURASSA (Christopher W. Meyer, Norma G. Meacham, Monica R. Skanes, *on*

*the brief*), Whiteman Osterman & Hanna LLP, Albany, NY, *for Defendants-Appellants*.

AARON E. KAPLAN (Daren J. Rylewicz, Jennifer C. Zegarelli, *on the brief*), Civil Service Employees Association, Inc., Albany, NY, *for Plaintiffs-Appellees* in *Donohue et al. v. Milan et al.*, 17-2832-cv, *Donohue et al. v. Milan et al.*, 17-2833-cv.

GREGG D. ADLER (Nicole M. Rothgeb, *on the brief*), Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., Hartford, CT, *for Plaintiffs-Appellees* in *N.Y. State Thruway Emps. Local 72 et al. v. N.Y. State Thruway Authority et al.*, 17-2834-cv.

LOHIER, *Circuit Judge*:

In State Employees Bargaining Agent Coalition v. Rowland, we held that union activity is protected by the First Amendment right to freedom of association and that heightened scrutiny therefore applies to employment decisions that target an employee "based on union membership." 718 F.3d 126, 134 (2d Cir. 2013). Many of the plaintiffs in this case are union members and thus clearly enjoy First Amendment protections based on their voluntary association with a union. But a small subset of the plaintiffs are non-union members called agency fee payors (AFPs). The main question here is whether, in

6

light of Rowland, the AFPs' First Amendment rights are protected solely because the AFPs are represented by a union during collective bargaining.

In an order granting summary judgment in favor of the Plaintiffs, the United States District Court for the Northern District of New York (Scullin, J.) interpreted our decision in Rowland to mean that strict scrutiny applies to a public employer's decision to fire both union members and AFPs because they are represented by unions during collective bargaining. Donohue v. Madison ("Donohue I"), No. 1:13-CV-918 (FJS) (CFH), 2017 WL 2171276, at *3–6 (N.D.N.Y. Apr. 14, 2017). The District Court ultimately certified its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Donohue v. Madison ("Donohue II"), No. 1:13-CV-918 (FJS) (CFH), 2017 WL 3206326, at *4–5 (N.D.N.Y. July 27, 2017). On appeal, we conclude that the AFPs' First Amendment right to association was not protected solely because the AFPs were represented by the union during collective bargaining. We therefore **VACATE** and **REMAND** the District Court's order as it applies to AFPs but **AFFIRM** the District Court's order as it applies to union members.

BACKGROUND

1. Facts

The New York State Thruway Authority (the Authority) finances, reconstructs, and operates the New York State Thruway and New York's canal system. For a number of years, the Authority faced significant financial pressures, including mounting debt due to the repair of aging infrastructure and rising health insurance costs for employees. In response, the Authority implemented cost-saving measures, including freezing salary increases for its non-unionized employees from 2009 to 2012. In 2012 the Authority's credit rating fell as it prepared to finance a replacement for the Tappan Zee Bridge. The Authority sought recurring operational cost reductions from its union-represented employees by getting concessions from its unions during negotiations over new collective bargaining agreements (CBAs).

The Authority recognized three unions as the bargaining agents for four separate bargaining units of employees. New York law and the CBAs made anyone who accepted an Authority position in a bargaining unit a "union-represented" employee. See N.Y. Civ. Serv. Law § 204(2). Union-represented employees in turn were divided into two groups: union members who had

signed a union membership card; and AFPs, who were not union members but were still represented by unions in collective bargaining. In accordance with then-governing law, see Abood v. Detroit Bd. of Educ., 431 U.S. 209, 235–42 (1977), overruled by Janus v. Am. Fed'n of State, Cty., & Mun. Emps., 138 S. Ct. 2448 (2018), AFPs were obligated to pay fees to support collective bargaining but could object to having their fees used to support the unions' political and ideological projects and, if they objected, receive a prorated refund.[1]

Beginning in 2012, the Authority warned both the unions and union-represented employees that layoffs might result from the unions' refusal to make certain concessions with respect to the CBAs. After talks broke down, the Authority, true to its word, implemented a reduction in force (RIF). The RIF terminated only union-represented employees—218 union members and thirteen AFPs—eliminating a total of 231 full-time positions apportioned among the four bargaining units.

---

[1] In accordance with Abood, the unions asked AFPs to advise them if they were unwilling to have their union fees expended on political and ideological activities. See Abood, 431 U.S. at 237–41. Under the Supreme Court's recent decision in Janus, a union may no longer extract any fee from an AFP absent the AFP's affirmative consent. 138 S. Ct. at 2486.

Plaintiffs-appellees New York State Thruway Employees, Teamsters Local 72 (the Teamsters) and Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (CSEA) are two of the unions recognized by the Authority, and together they represent the vast majority of the 231 employees who were laid off.

2. Procedural History

Following the RIF, the Plaintiffs sued the Authority and a number of state officials (together, the Defendants) under 42 U.S.C. § 1983 and New York law, alleging that the termination of union-represented employees violated the employees' First Amendment right to associate. Donohue I, 2017 WL 2171276, at *2. After the Plaintiffs moved for class certification, the parties, each relying on Rowland, cross-moved for summary judgment on the Plaintiffs' First Amendment claim. Id. at *1. Describing Rowland as "fundamentally concerned with the use of targeted layoffs to penalize and pressure the bargaining coalition to accept the defendants' concessions to sign a new CBA," the District Court concluded that heightened scrutiny applied to employment decisions based on union representation without regard to whether the affected employees were union members. Id. at *6. The court denied summary judgment because

10

material factual disputes remained with respect to whether the RIF was narrowly tailored to serve a vital state interest. Id. at *6–8.

The Defendants moved for reconsideration, arguing that heightened scrutiny did not apply to all union-represented employees and that, in any event, the Plaintiffs had failed to show that union-represented employees were targeted because of their association with a union. Donohue II, 2017 WL 3206326, at *1. Although the District Court denied the motion, it certified to this Court the following question: "Under Rowland, are 'union-represented individuals during the bargaining process'—consisting of both union members and agency fee shop payors—a protected class, such that employment decisions based on employees' union representation during collective bargaining are subject to strict scrutiny?" Id. at *5. In certifying the question, the District Court also clarified that "Plaintiffs [would] have to establish causation at trial." Id. at *3.

The Plaintiffs' only unresolved motion before the District Court, for class certification, remains pending since we stayed all District Court proceedings when we granted the Defendants' motion for leave to appeal the District Court's interlocutory order.

DISCUSSION

1.  The Certified Question

When a district court certifies a question of controlling law pursuant to 28 U.S.C. § 1292(b), we "assume jurisdiction over the entire order, not merely over the question as framed by the district court." City of New York v. Beretta U.S.A. Corp., 524 F.3d 384, 392 (2d Cir. 2008); see Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 204–05 (1996). We can therefore review "any issue fairly included within the certified order," Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 95 (2d Cir. 2004) (quotation marks omitted), and "consider a question different than the one certified as controlling," Yamaha, 516 U.S. at 205 (quotation marks omitted); see also 16 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3929 (3d ed. 2019) ("The court may . . . consider any question reasonably bound up with the certified order, whether it is antecedent to, broader or narrower than, or different from the question specified by the district court.").

The District Court applied heightened scrutiny to the Defendants' termination of AFPs based on their union representation. Donohue I, 2017 WL 2171276, at *6. On appeal, the Plaintiffs similarly argue for the extension of First

Amendment protections to AFPs based entirely on the fact that a union represented them in collective bargaining. At oral argument, however, the Plaintiffs also expressly disclaimed any argument that the AFPs are protected under a theory of First Amendment associational rights in this case. We therefore leave that question for another day and consider a slightly modified question on appeal: "Under Rowland, do employees enjoy First Amendment protections merely because they are represented by a union during collective bargaining such that an employment decision based on that representation is subject to strict scrutiny?" Our answer to the modified question is no. At the same time, we reaffirm that strict scrutiny applies to employment decisions based on an employee's status as a union member.[2]

---

[2] The Plaintiffs also brought an Equal Protection claim that the District Court "analyze[d] . . . together" with the First Amendment targeting claim because it viewed the claims as "rais[ing] identical issues." See Donohue I, 2017 WL 2171276 at *2 n.5, *3. The District Court's holding relied entirely on its interpretation of Rowland. See id. at *6; see also Donohue II, 2017 WL 3206326 at *2–3, 4. Thus, since we find that under Rowland employees do not enjoy First Amendment protections merely because they are represented by a union during collective bargaining, we need not address whether Plaintiffs' termination violated the Equal Protection Clause here. On remand, the District Court should revisit the Plaintiffs' Equal Protection claim in light of this opinion.

## 2.  The First Amendment

As to both AFPs and union members, we start and end our analysis with Rowland.  There we explained that conditioning public employment on union membership inhibited an employee's fundamental right to associate with a union and therefore triggered heightened scrutiny.  Rowland, 718 F.3d at 133–34.  We have previously explained that public employment decisions that do not implicate a fundamental right are subject to rational basis review, a standard that requires only "a nexus between legitimate government ends falling within constitutionally permissible powers, and a means not prohibited by the Constitution to achieve them."  Zalewska v. Cty. of Sullivan, 316 F.3d 314, 322 (2d Cir. 2003).  Our holding in Rowland flows from the principle that the First Amendment protects "the practice of persons sharing common views banding together to achieve a common end."  N.A.A.C.P. v. Claiborne Hardware Co., 458 U.S. 886, 907 (1982) (quotation marks omitted).  But Rowland did not say that being represented by a labor union during collective bargaining by itself conferred First Amendment protection and the heightened scrutiny that comes with it.  See Rowland, 718 F.3d at 132–34.  To be sure, collective bargaining activities implicate the First Amendment right to freedom of association because

14

these activities represent the "common end" of a union's collective efforts. Claiborne, 458 U.S. at 907; see also Roberts v. U.S. Jaycees, 468 U.S. 609, 622 (1984); Rowland, 718 F.3d at 132–34. We therefore examine those activities to determine if the right has been violated. But we have never held that anyone who is represented during collective bargaining is for that reason alone entitled to First Amendment protection from government interference, and we decline to do so now.

A. AFPs

As noted above, the Plaintiffs, echoing the District Court, nevertheless argue that the AFPs were protected by the First Amendment solely because a union represented them during collective bargaining. But we disagree that an employee enjoys First Amendment protections merely because the employee, like each AFP in this case, is represented by a union during collective bargaining. If that were true, then any person represented by an organization involved in an activity of political, cultural, religious, or economic importance would receive First Amendment protection based on the right to engage in expressive association. That is obviously not the case: When determining whether a person represented by an organization may lay claim to an associational right, we

15

consider whether that person has engaged with others in a "collective effort on behalf of shared goals." Roberts, 468 U.S. at 622. Although for purposes of making that determination not all AFPs are similarly situated, as the Plaintiffs appear to presuppose, crucially, all AFPs are represented by the union not because of their choice to engage with the union, but by operation of New York law and the terms of the CBAs. Consequently, AFPs who affirmatively disassociated with a union by objecting to paying for a union's political and ideological projects but who continued to be represented by the union during collective bargaining could not claim that an adverse employment action interfered with their right to associate with the union. In extending Rowland to all AFPs purely because they were represented by a union in collective bargaining, the District Court went too far.

For these reasons, we conclude that AFPs do not have a First Amendment right to freedom of association merely because they are represented by a union during collective bargaining.[3] We therefore remand this case to the District Court to determine whether the layoffs of the thirteen AFPs were justified under

---

[3] Again, the Plaintiffs here have affirmatively disclaimed that the AFPs have any associational rights based on their engagement in a collective effort with union members.

16

rational basis review.  See Ysursa v. Pocatello Educ. Ass'n, 555 U.S. 353, 359 (2009); Kraham v. Lippman, 478 F.3d 502, 506 (2d Cir. 2007).  In doing so, we recognize, as the District Court did, that on remand "it is highly likely that Defendants' decision to terminate [union-represented] employees would pass rational basis review."  Donohue II, 2017 WL 3206326, at *4.  But we think the District Court is better positioned to consider that question in the first instance.

### B. Union Members

The termination of those Plaintiffs who are union members is another matter altogether.  Under Rowland, union members clearly enjoy a First Amendment right to associate in labor unions.  See Rowland, 718 F.3d at 134 (noting the "well-established principle that union activity is protected by the First Amendment").  The Authority itself acknowledges as much.  See Appellants' Br. 21–22.  If the Authority terminated the union members because of their union membership—a factual question the District Court decided to let a jury determine—then strict scrutiny applies to its employment decision.  We therefore affirm the District Court's decision as it applies to those Plaintiffs who are union members.

## CONCLUSION

For the foregoing reasons, the judgment of the District Court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part. Our previous stay of all proceedings in the District Court, including the Plaintiffs' motion for class certification, is hereby lifted. On remand, the District Court should consider whether to certify a class limited to the union members alone, consistent with this opinion.