09-4413-cv
Bank v. Katz

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of June, two thousand eleven.

PRESENT:
ROGER J. MINER,
ROBERT D. SACK,
PETER W. HALL,

Circuit Judges.

------------------------------------

TODD C. BANK,

Plaintiff-Appellant,

– v –                                              No. 09-4413-cv

ANNE KATZ, in her official capacity as Judge of the Housing Part of the Civil Court of the City of New York, and JUDE ALBANO, in his official capacity as Senior Court Clerk of the Civil Court of the City of New York,

Defendants-Appellees.

------------------------------------

Appearing for Appellant:      Todd C. Bank, pro se, Kew Gardens, New York.

Appearing for Appellees:      David Lawrence III, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Michael S. Belohlavek, Senior Counsel, on the brief), New York,

New York, <u>for</u> Andrew M. Cuomo, Attorney General of the State of New York.

Appeal from a September 25, 2009, judgment of the United States District Court for the Eastern District of New York (Garaufis, <u>J.</u>).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff-appellant Todd C. Bank, an attorney proceeding <u>pro se</u>, appeals from the district court's judgment dismissing his complaint brought under 42 U.S.C. § 1983 against defendants-appellees New York Civil Court Judge Anne Katz and Senior Court Clerk Jude Albano.  Because he is an attorney, Bank is not entitled to "claim the special consideration which the courts customarily grant to <u>pro se</u> parties."  <u>Holtz v. Rockefeller & Co., Inc.</u>, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (internal quotation marks omitted).

Bank alleges that the defendants violated his constitutional rights under the First and Fourteenth Amendments by orally directing him not to wear a baseball hat when appearing in court and by admonishing him for wearing inappropriately casual attire. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review <u>de novo</u> a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  <u>Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.</u>, 602 F.3d 57, 61 (2d Cir. 2010) (citation and internal quotation marks omitted).  For a plaintiff's claim to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 554, 570 (2007)).

Bank contends, first, that the defendants violated his First Amendment rights by instructing him not to wear a baseball hat and casual attire when appearing in court.  Assuming <u>arguendo</u> that Bank's choice of attire constituted a form of protected expression, <u>but see</u> <u>Zalewska v. County of Sullivan</u>, 316 F.3d 314, 319-21 (2d Cir. 2003); <u>E. Hartford Educ. Ass'n v. Bd. of Educ. of the Town of E. Hartford</u>, 562 F.2d 838, 856-58 (2d Cir. 1977) (en banc), a restriction on speech in such a forum will be upheld "so long as the restriction is reasonable and viewpoint-neutral,"

2

Byrne v. Rutledge, 623 F.3d 46, 53 (2d Cir. 2010). Bank concedes that the defendants' conduct was viewpoint neutral.

A restriction is "reasonable" if "it is wholly consistent with the government's legitimate interest in preserving the property for the use to which it is lawfully dedicated." Make the Road by Walking, Inc. v. Turner, 378 F.3d 133, 147 (2d Cir. 2004) (brackets, ellipsis, and internal quotation marks omitted); see also Byrne, 623 F.3d at 59–60. "A courthouse serves to provide a locus in which civil and criminal disputes can be adjudicated. Within this staid environment, the presiding judge is charged with the responsibility of maintaining proper order and decorum." Huminski v. Corsones, 396 F.3d 53, 91 (2d Cir. 2005)(internal quotation marks omitted); cf. Gentile v. State Bar of Nevada, 501 U.S. 1030, 1071 (1991); Berner v. Delahanty, 129 F.3d 20, 27–29 (1st Cir. 1997), cert. denied, 523 U.S. 1023 (1998). The restriction as alleged is therefore reasonable.

Bank has thus failed to allege facts sufficient to support a claim of a violation of his First Amendment rights. The district court did not err in dismissing this claim.

We also conclude that the district court did not err in dismissing Bank's claim under the Fourteenth Amendment, which is premised on Bank's asserted liberty interest in his personal appearance. The Supreme Court has not yet confirmed the existence of such a constitutionally protected liberty interest. See Kelley v. Johnson, 425 U.S. 238, 244 (1976) (assuming, without deciding, the existence of such an interest). For the purposes of resolving this appeal, we assume that such an interest exists, as we have also done on previous occasions. See, e.g., Zalewska, 316 F.3d at 321; see also Kelley, 425 U.S. at 244.

Bank contends that the defendants' direction that he remove his hat should be subjected to strict scrutiny. However, he identifies no legal basis for concluding that a lawyer's interest in dressing as he pleases when appearing in court rises to the level of a fundamental constitutional right, see Washington v. Glucksberg, 521 U.S. 702, 720–21 (1997), nor are we able to discern one. Accordingly, we apply rational-basis review to Bank's Fourteenth Amendment claim. See Zalewska, 316 F.3d at 321. We conclude that the defendants' instructions that Bank remove his baseball hat when appearing in court were rationally related to the legitimate governmental purpose of maintaining order and decorum in the courtroom. The district court therefore correctly dismissed Bank's claim for violation of his Fourteenth Amendment rights.

Finally, in their opposing brief on appeal, the defendants argue that the district court should have refrained from deciding this case under the doctrine of abstention established by Younger

3

v. Harris, 401 U.S. 37 (1971).  The district court did not address this question.  In light of our decision to affirm the dismissal of Bank's claims on their merits, we need not address this difficult question to resolve this appeal.  See, e.g., Official Comm. of Unsecured Creditors of WorldCom, Inc. v. SEC, 467 F.3d 73, 81 (2d Cir. 2006); Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 511 n.5 (2d Cir. 2005).

We have reviewed Bank's remaining contentions on appeal and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

```
                         FOR THE COURT:
                         CATHERINE O'HAGAN WOLFE, CLERK
```

4