12-4142-cv
*Ross v. New Canaan Environmental Commission*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand thirteen.

PRESENT:

GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
DENNY CHIN,

                    *Circuit Judges.*

_____

CRISTINA ROSS,

                    *Plaintiff-Appellant,*

      -v.-                                   No. 12-4142-cv

NEW CANAAN ENVIRONMENTAL COMMISSION,[*]

                    *Defendant-Appellee.*

_____

                            JOHN R. WILLIAMS, New Haven, CT, *for Plaintiff-Appellant.*

                            SCOTT R. OUELLETTE, Williams, Walsh & O'Connor, LLC, North Haven, CT, *for Defendant-Appellee.*

_____

[*]The Clerk of Court is directed to amend the case caption as set out above.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff-Appellant Cristina Ross ("Ross") appeals the judgment and Ruling and Order of the United States District Court for the District of Connecticut (Kravitz, *J.*), entered September 10, 2012, granting the summary judgment motion of Defendant-Appellee New Canaan Environmental Commission ("NCEC") and dismissing Ross's remaining gender discrimination claim. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the moving party has pointed to the absence of evidence to support an essential element on which the party opposing summary judgment has the burden of proof, the opposing party, in order to avoid summary judgment, must show the presence of a genuine issue by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in his favor, to establish the existence of that element at trial." *United States v. Rem*, 38 F.3d 634, 643 (2d Cir. 1994) (citing *inter alia Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)); *see* Fed. R. Civ. P. 56(c)(1).

Ross alleges that the NCEC discriminated against her on the basis of her gender when it reviewed her application to conduct regulated activities on her property in New Canaan, Connecticut. Specifically, Ross claims that the NCEC subjected her application to greater scrutiny than those of similarly situated male applicants and that hers was the only application ever denied, in violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

"To state a claim for an equal protection violation, appellants must allege that a government actor intentionally discriminated against them on the basis of race, national origin or gender." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 48 (2d Cir. 1999). "State action is impermissible if it perpetuates old gender stereotypes by the disparate treatment of similarly situated men and women based on sex." *Zalewska v. Cnty. of Sullivan, N.Y.*, 316 F.3d 314, 323 (2d Cir. 2003) (citation omitted).

The district court did not err in granting summary judgment for NCEC because the record contains insufficient evidence to create a genuine issue of fact regarding whether NCEC had a discriminatory motive in denying Ross's application or whether NCEC treated Ross differently from similarly situated male applicants. As the district court correctly observed, the NCEC meeting minutes do not support Ross's contention that NCEC subjected her application to a higher level of scrutiny, nor do the minutes demonstrate whether the other applicants were, as Ross asserts, similarly situated. In fact, the record shows that NCEC commissioners considered Ross's application singularly complex and difficult. *See* Joint App'x at 155 ("[T]his is one of the most difficult applications that has come before the commission in many years."); *id.* at 167 ('[T]his has been the most difficult application I've had to face certainly because there certainly are competing issues here."); *id.* at 168 ("There's no question that this is a difficult application."). Furthermore, a single, stray remark by the NCEC chairman calling Ross a "trifecta" – which plaintiff alleges means a Hispanic, Jewish woman – is not enough to create an inference of discriminatory motive, especially when there is no indication in the record when the comment was made or that it was made in connection with her application, and there is no other evidence in the record, circumstantial or otherwise, of discriminatory intent. *Cf. Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d

3

Cir. 2001) (in age discrimination context, recognizing that "the stray remarks of a decision-maker, without more" cannot prove a claim of discrimination).

In sum, no reasonable jury could have concluded based on the record here that NCEC's actions with regard to Ross's application were based on her gender, and the district court properly granted NCEC's motion for summary judgment. For the foregoing reasons, the judgment of district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk